IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:11-cv-00522-GCM

JEFFREY LEMARE NASH,

    Plaintiff,

v.

FEDEX FREIGHT EAST, INC.

    Defendant.

**ORDER**

THIS MATTER is before the Court on Defendant's Motion to Dismiss for Failure to Prosecute pursuant to Fed R. Civ. P. 41(b) and Fed. R. Civ. P. 37(b)(2)(A). The instant motion is fully briefed and ripe for determination. For the reasons set forth below, Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**.

### BACKGROUND

On June 6, 2012, this Court Ordered Plaintiff to: (1) provide Defendant with Initial Disclosures as required by Fed. R. Civ. P. 26(a)(1) by June 22, 2012; and (2) provide Defendant with full and complete responses to Interrogatory No. 4 and Document Requests No. 1 and 3-9 by June 22, 2012. On June 22, 2012, Plaintiff electronically filed a four-page document with this Court that did not provide any documentation or information responsive to the Court's June 6, 2012 Order.

### LEGAL STANDARD

Fed. R. Civ. P. 41(b) provides that "if the Plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Likewise, pursuant to Fed. R. Civ. P. 37(b)(2), if a party fails to obey an order to provide

discovery, then the court may dismiss the action or proceeding. *See* Fed. R. Civ. P. 37(b)(2)(A)(v). The Fourth Circuit established several factors for a Court to consider when determining whether to dismiss a case pursuant to Fed. R. Civ. P. 41(b) and 37(b), including: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused to the defendant; (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the existence of sanctions less drastic than dismissal. *Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991).

## ANALYSIS

Here, the Court first finds that Plaintiff is solely responsible for his failure to prosecute his case and to comply with the Court's June 6, 2012 Order. *See Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (stating that *pro se* litigants are subject to the same respect for court orders as other litigants). Second, the Court finds that Plaintiff's misconduct caused significant prejudice to the Defendant because: (1) the Defendant incurred time and expense responding to Plaintiff's suit; (2) Plaintiff's delay resulted in the need for extension of Court deadlines; and (3) the Defendant has been unable to schedule Plaintiff's deposition or to prepare a dispositive motion. *See Bowman v. United States*, 1996 WL 633448 (4th Cir. 1996) (affirming dismissal of plaintiff's case where plaintiff's negligence cause defendant to expend resources to defend a suit without the required participation by the plaintiff). Third, the Court finds that the record in this matter clearly shows that Plaintiff has a history of proceeding in a dilatory fashion. Fourth, the Court finds that a sanction less drastic than dismissal would not remedy or deter Plaintiff's conduct moving forward because the Plaintiff already disregarded this Court's June 6, 2012 Order and offered no indication that he intends to alter his behavior moving forward. *See Loftin v. Nationwide Mut. Ins. Co.*, 2011 U.S. Dist. LEXIS 62959 (E.D.N.C.) (dismissing *pro se*

plaintiff's case for failure to prosecute where plaintiff failed to first comply voluntarily with discovery and then provided incomplete and otherwise insufficient responses to discovery requests upon the court's order compelling her to do so).

### CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss for Failure to Prosecute and **ORDERS** that Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE**.

The Court, however, **DENIES** Defendant's request for attorney's fees and costs because the Court granted, in part, Plaintiff's "Application to Proceed in District Court Without Prepaying Fees or Costs" on the finding that "the Plaintiff does not have sufficient resources from which to pay the entire filing fee for this action." *See* Dkt. No. 3. Accordingly, the Court now finds that Plaintiff likewise does not have sufficient resources from which to pay Defendant's attorney's fees and costs.

**IT IS SO ORDERED.**

Signed: September 11, 2012

Graham C. Mullen
United States District Judge